IRENE KARBELASHVILI, Esq. (SBN 232223)
IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irene@allaccesslawgroup.com
irakli@allaccesslawgroup.com

Attorneys for Plaintiff CARMEN CORTEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN CORTEZ,<br><br>    Plaintiff,<br><br>v.<br><br>THE HOUSING AUTHORITY OF THE COUNTY OF MONTEREY, A/K/A HOUSING AUTHORITY OF MONTEREY COUNTY; MONTEREY COUNTY HOUSING AUTHORITY DEVELOPMENT CORPORATION; MONTEREY COUNTY HOUSING, INC.; COAST & VALLEY PROPERTIES, INC.; ONE PARKSIDE, LP; and DOES 1- 20, INCLUSIVE,<br><br>    Defendants. | CASE NO. 5:24-cv-2425<br>Civil Rights<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1. Violations of the Federal Fair Housing Act<br><br>2. Violations of the Rehabilitation Act of 1973<br><br>3. Violations of the Fair Employment and Housing Act<br><br>4. Violation of the California Disabled Persons Act<br><br>5. Violations of the Unruh Civil Rights Act<br><br>6. Negligence |

1
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

Plaintiff CARMEN CORTEZ complains of Defendants THE HOUSING AUTHORITY OF THE COUNTY OF MONTEREY, A/K/A HOUSING AUTHORITY OF MONTEREY COUNTY; MONTEREY COUNTY HOUSING AUTHORITY DEVELOPMENT CORPORATION; MONTEREY COUNTY HOUSING, INC.; COAST & VALLEY PROPERTIES, INC.; ONE PARKSIDE, LP; and DOES 1- 20, INCLUSIVE, and alleges as follows:

1. **INTRODUCTION:** Plaintiff CARMEN CORTEZ ("Plaintiff") brings this action against THE HOUSING AUTHORITY OF THE COUNTY OF MONTEREY, A/K/A HOUSING AUTHORITY OF MONTEREY COUNTY; MONTEREY COUNTY HOUSING AUTHORITY DEVELOPMENT CORPORATION; MONTEREY COUNTY HOUSING, INC.; COAST & VALLEY PROPERTIES, INC.; ONE PARKSIDE, LP; and DOES 1- 20, INCLUSIVE ("Defendants"), the owners, operators, and/or managers of the apartment building located at 1114 Parkside St, Salinas, California 93906, and known as Parkside Manor ("Parkside Manor") alleging discrimination in violation of the Federal Fair Housing Act, 42 U.S.C. § 3601, et seq., the Rehabilitation Act of 1973, 29 U.S.C. § 794 and related state laws.

2. Plaintiff alleges discrimination based on disabilities as a tenant at Parkside Manor, due to Defendants' persistent failure and refusal to make their premises accessible to and usable by Plaintiff. This includes, but is not limited to, Defendants' repeated failures to maintain the property's accessible features, particularly the elevator, which has resulted in Plaintiff's denial of access, difficulty, discomfort, embarrassment, and physical injury. Furthermore, Defendants have consistently failed to respond to Plaintiff's requests for reasonable accommodations, exacerbating the discriminatory conditions under which the Plaintiff has been compelled to live.

3. The true names and capacities of Defendants DOES 1 through 20, Inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. On information and belief, DOES 1 through 20 are agents, servants and/or employees of Defendants. Plaintiff is informed and believes that each of the Defendants herein designated as a DOE is legally responsible in some manner for the events and happenings herein referred to and caused

1  injury and damages proximately thereby to Plaintiff. Plaintiff prays leave of Court to amend this
2  Complaint to show such true names and capacities when they have been ascertained. All
3  references to "Defendants" shall include all fictitiously named Defendants unless otherwise
4  specified.

5  4. Plaintiff is informed, believes and thereon alleges that each Defendant, in doing
6  the acts or in omitting to act as alleged in this Complaint, was acting within the course and scope
7  of his or her actual or apparent authority pursuant to such agency, or the alleged acts or omissions
8  of each Defendant as agent were subsequently ratified and adopted by each Defendant as
9  principal.

10  5. As a remedy for the statutory violations described herein, Plaintiff seek a
11  declaration that Defendants named here are violating federal and California law; an injunction
12  compelling said Defendants to cease discriminating against tenants with disabilities and to
13  provide persons with disabilities equal access to Parkside Manor, to maintain its accessible
14  features that provide access to disabled tenants such as Plaintiff, to provide reasonable
15  accommodations to disabled tenants, and damages for the injuries Plaintiff has and will continue
16  to suffer until said Defendants change their discriminatory behavior.

17  6. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 U.S.C.
18  section 1331 for violations of the Fair Housing Act, 42 U.S.C. sections 3601 *et seq*. and the
19  Rehabilitation Act of 1973, 29 U.S.C. § 794. This Court has jurisdiction over the supplemental
20  state-law claims brought under California law pursuant to 28 U.S.C. section 1367.

21  7. **VENUE:** Venue is proper in this court pursuant to 28 U.S.C. section 1391(b) and
22  is founded on the fact that the real property which is the subject of this action is in this district and
23  that Plaintiff's causes of action arose in this district.

24  8. **INTRADISTRICT:** This case should be assigned to the San Jose intradistrict as
25  the real property which is the subject of this action is in this intradistrict and Plaintiff's causes of
26  action arose in this intradistrict.

27  9. **PARTIES:** Plaintiff CARMEN CORTEZ is and at all relevant times was a
28

3
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

"handicapped person" as defined by 42 U.S.C. section 3602, and a "person with a disability" as defined in 29 U.S.C. section 705(9)(B), California Government Code section 12926, the Unruh Civil Rights Act, California Civil Code section 51, the Disabled Persons Act, California Civil Code section 54.1, and Civil Code section 3345.

10. Plaintiff is afflicted with severe lumbar disc disease, spinal stenosis, degenerative disc disease, diabetes, and hypertension. These physical impairments substantially limit her ability to walk. To navigate her daily life, Plaintiff is dependent on the use of a walker and a cane for assistance in moving around.

11. THE HOUSING AUTHORITY OF THE COUNTY OF MONTEREY, A/K/A HOUSING AUTHORITY OF MONTEREY COUNTY; MONTEREY COUNTY HOUSING AUTHORITY DEVELOPMENT CORPORATION; MONTEREY COUNTY HOUSING, INC.; COAST & VALLEY PROPERTIES, INC.; ONE PARKSIDE, LP; and DOES 1- 20, INCLUSIVE, at all relevant times were, the owners, operators, and or managers of a two story, 48-unit, low-income residential apartment complex for seniors and persons with disabilities located at 1114 Parkside Street, Salinas, CA 93906. Parkside Manor is a dwelling within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b), a housing accommodation under FEHA, Government Code § 12927(d), and the Disabled Persons Act, Civil Code § 54.1(b)(2), and a business establishment under the Unruh Act, Civil Code § 51. At all relevant times to this action, Defendants were recipients of federal funding within the meaning of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

12. **FACTUAL STATEMENT:** On February 1, 2019, Plaintiff began her tenancy at Parkside Manor, where she still resides. Initially, despite her physical disabilities, she was able to access her second-floor unit using either the ramp or the elevator, without needing additional mobility devices.

13. In May 2021, reconstruction work resulted in the demolition of the ramp that provided accessibility for individuals with disabilities between the first and second floors. Due to her disability, Plaintiff experiences severe difficulties with ascending and descending stairs,

1  which made the ramp a crucial route for her to reach her unit from the ground floor and to exit the
2  building from her unit.

3    14. Following the ramp's removal, Plaintiff was forced to rely exclusively on the
4  building's only elevator for ingress and egress. On approximately April 25, 2022, this elevator
5  became non-operational. Deprived of both the ramp and elevator, Plaintiff's remaining option
6  was a staircase in poor condition, characterized by unstable, insecure handrails.

7    15. On April 25, 2022, Plaintiff reached out to the Parkside Manor manager, Andrew
8  Palacios, via text message to report the malfunctioning elevator but received no response. A
9  follow-up text was sent on April 27, 2022, and again on April 28, 2022, each time without
10 receiving any acknowledgment or reply.

11   16. Around May 2, 2022, in an attempt to navigate the stairs, Plaintiff experienced a
12 fall that injured her back, leaving her temporarily unable to move. She was discovered by another
13 tenant's caregiver and subsequently transported to the emergency room to address her severe
14 pain.

15   17. On May 11, 2022, Plaintiff sent the following text message to Mr. Palacios in
16 which she requested a relocation to a ground-floor unit as a reasonable accommodation:

> 4:59 AM, May 11
>
> Manager can u up date us on the elevtor.listen I have a crono and can not do stairs. I went in amergancy to hospital.i am rubbing bone to bone and m in a lots of pain.if we not going to have elevator  can u please  move me down stairs .so please let me know.cause u don't return none of my calls often messages .what kind of manager are you.so you have a bleed day and don't forget us over here  at 1114 Parkside. U have a great day .and I be waiting for your response. That is your job to take care of your people.u doing a great job manager.good day

26   Plaintiff did not receive a response to this message.
27   18. On June 3, 2022, the elevator remained inoperative, compelling Plaintiff to resort
28

5
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

to using the staircase. During one such attempt, Plaintiff suffered a fall attributable to the staircase's poor maintenance, which resulted in physical injuries. Plaintiff again had to be transported to the emergency room for treatment.

19. It took until June 17, 2022, for Defendants to address and correct the elevator's malfunction. Throughout this prolonged period, Plaintiff relied heavily on her caretakers to assist with essential daily activities, such as exiting the building for emergency appointments, seeking fresh air, taking pets outside, receiving groceries, and checking her mailbox. This reliance significantly eroded Plaintiff's sense of independence, exacerbating her emotional distress, diminishing her quality of life, and leading to physical injuries as she attempted to navigate a hazardous staircase. Despite eventual repairs, the elevator continued to suffer from various operational issues.

20. In November 2022, the Plaintiff was necessitated to undergo back surgery to mitigate the severe worsening of her chronic back pain—a result of being obliged to navigate stairs owing to a non-operational elevator. Originally slated for January 2023, the urgency of this surgery was escalated to alleviate the profound discomfort stemming from these intensified injuries. Post-operation, Plaintiff has been rendered reliant on both a walker and a cane for daily mobility. Additionally, she necessitates continued medical attention to manage her condition including epidural steroid injections and lidocaine injections.

21. On April 27, 2023, California Rural Legal Assistance wrote the following in a letter to Andrew Palacios on behalf of Plaintiff:

> Last year, when the elevator al the complex was out of service for two months, Ms. Cortez fell down the stairs and suffered serious injuries. We have serious concerns about the safety and operation of the elevator that have been present since it was brought back online last year. The doors sometimes do not open, and there is no operable emergency device for summoning assistance. Additionally, the elevator arrives unlevel with the ground by about three to four inches, posing a risk to the tenant and others using the elevator.
> Due to these concerns, we are requesting that reasonable accommodations be made for Ms. Cortez so that she can safely access her unit. As a housing provider, both federal and state law require that you make reasonable accommodations when such accommodations may be necessary

to afford a person with disabilities full enjoyment of the premises. Failure to grant a tenant's request or reasonable accommodations or modifications is considered discrimination under federal and state law. 42 USC§§ 3601 et seq.; Cal. Gov. Code§ l2955(c)(l). We request that you take immediate action to provide reasonable accommodations. We request that you provide her with a suitable living arrangement on the ground floor or in a unit with an operable elevator until the elevator is safe and operational. Please be advised that these accommodations are necessary under the Americans with Disabilities Act (ADA) and are required by law.

22. Having received no response, California Rural Legal Assistance, on May 17, 2023, sent the same letter directly to Defendant Coast & Valley Properties, Inc.

23. On May 19, 2023, Plaintiff and her daughter Monica Cortez came into Defendant Coastal & Valley Properties, Inc.'s office to again inform Defendants that the elevator was out of order and that Plaintiff was struggling to safely enter and exit her unit. Plaintiff again requested a reasonable accommodation in form of being moved to a first-floor unit.

24. On June 19, 2023, Plaintiff was relocated to a first-floor unit at Parkside Manor to eliminate the need to rely on the elevator. Despite this change, the new unit fails to meet Plaintiff's accessibility requirements. Access to the unit involves navigating a set of stairs, which is a significant accessibility barrier. Alternatively, Plaintiff can bypass these stairs by walking over 100 steps, a feat that is just as challenging given her disabilities.

25. Plaintiff subsequently requested that an accessible ramp be installed but Defendants declined.

**Denial of Accessible Parking**

26. Plaintiff utilizes the services of caregivers and medical professionals for assessments, treatments, and ongoing care. Monica Cortez, Plaintiff's daughter who is employed by In-Home Support Services, has been Plaintiff's primary caregiver for over two years. Plaintiff relies on her daily for vital needs, such as leaving the building for urgent medical appointments, accessing outdoor areas for fresh air, and facilitating the delivery of groceries.

27. Despite offering reserved parking spaces to certain tenants, Defendants have not provided Plaintiff with parking at Parkside Manor. Before the management transition to Coastal & Valley Properties, Inc., Defendants did not restrict Plaintiff's caregiver from using the parking

1  lot. However, with Coastal & Valley Properties, Inc. now in charge, vehicles unauthorized to park
2  at Parkside Manor are being towed. Consequently, Plaintiff's caregiver is compelled to either
3  park on distant street locations or risk leaving the vehicle with hazard lights on in the lot for quick
4  drop-offs, while her spouse ensures the car is not towed. Frequently, the caregiver has had to let
5  Plaintiff off in the parking lot, forcing her to navigate down steps alone while searching for
6  parking. With limited street parking available, another option has been to drive around with
7  Plaintiff to find parking, after which they face a challenging walk back to her unit, navigating
8  over 100 steps, a process that is both painful and potentially harmful to Plaintiff's health.

9  28.   On February 16, 2024, Yessenia Guzman, Plaintiff's other daughter, emailed
10  Defendants requesting a parking space for Plaintiff. The same day, Defendants' representative,
11  Kim Ruiz, replied that Plaintiff would not be allocated a parking space since her lease and
12  application indicated she does not own a vehicle nor was she ever assigned a parking space on the
13  property. Ms. Ruiz further noted that visitor parking does not exist, all spaces are allocated to
14  tenants, and vehicles in unauthorized zones will be towed.

15  29.   Plaintiff, repeatedly denied reasonable accommodations and subjected to policies
16  disproportionately affecting individuals with disabilities, has been compelled to initiate legal
17  action. This lawsuit seeks to uphold her rights to full and equal access as guaranteed by the
18  Federal Fair Housing Act, the Rehabilitation Act of 1973 and the laws of California.

**FIRST CAUSE OF ACTION:
VIOLATION OF THE FEDERAL FAIR HOUSING ACT
(*42 U.S.C. § 3601 et seq.*)**

30.   Plaintiff repleads and incorporates by reference, as if fully set forth again below, the factual allegations contained in Paragraphs 1 through 29, above, and incorporates them here by reference as if separately repleaded hereafter.

31.   Parkside Manor is a "dwelling" available "to rent" within the meaning of the Fair Housing Act (FHA).  42 U.S.C.A. § 3602.  It is a "covered multi family dwelling" under section 3604 (f)(7)(A).

32.   Based on the above, Defendants have violated the protections afforded to Plaintiff

8
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

under the FHA, including, but not limited to, the following:

    a. Failing to make their premises accessible to and usable by tenants with disabilities;

    b. Failing to maintain the accessible features of their property, such as the elevator, providing ingress and egress to tenants with disabilities above the first floor;

    c. Failing and refusing to grant requests for reasonable accommodation by disabled tenants who suffer inconvenience and hardship as a result of the unavailability of the elevator at the premises;

    d. Failing and refusing to provide an accessible path to/from Plaintiff's unit; and

    e. Implementing policies and procedures that result in a disparate impact on persons with physical disabilities, including Plaintiff.

33. Defendants had actual knowledge that Plaintiff is a person with a disability. Plaintiff affirmatively requested several accommodations including that she be allowed to move to ground floor unit of similar size to her third-floor unit and that she be assigned an accessible parking space in the parking lot of the building. Defendants repeatedly refused or failed to respond to Plaintiff's requests for accommodations.

34. Defendants maintain a pattern and practice of denying Plaintiff full and equal access to her dwelling by their failure to respond appropriately to requests for accommodation. 42 U.S.C.A. § 3604(f)(3).

35. For these reasons, Plaintiff is entitled to actual damages, punitive and exemplary damages and injunctive relief as set forth below.

WHEREFORE, Plaintiff prays for damages and injunctive relief as stated below.

## SECOND CAUSE OF ACTION:
## VIOLATION OF THE REHABILITATION ACT OF 1973
*(29 U.S.C. § 794)*

36. Plaintiff repleads and incorporates by reference, as if fully set forth again below,

1  the factual allegations contained in Paragraphs 1 through 35, above, and incorporates them here
2  by reference as if separately repleaded hereafter.

3      37.    At all times relevant to this action, Defendant was a recipient of federal funding
4  within the meaning of the Rehabilitation Act.

5      38.    As recipients of federal funds, Defendants must operate Parkside Manor (their
6  housing program or activity receiving federal financial assistance) so that the program or activity,
7  when viewed in its entirety, is readily accessible to and usable by individuals with handicaps.
8  24 C.F.R. § 8.24. This includes compliance with the Uniform Federal Accessibility Standards
9  (UFAS) and maintenance of accessible features. 24 C.F.R. § 8.32.

10      39.    Plaintiff is a person with a disability as defined by the Rehabilitation Act.

11      40.    Defendants have violated the Rehabilitation Act, by discriminating against
12  disabled persons, including Plaintiff by, among other things:

13          a.  Failing to make their premises accessible to and usable by tenants with
14             disabilities;

15          b.  Failing to maintain the accessible features of their property, such as the
16             elevator, providing ingress and egress to tenants with disabilities above the
17             first floor;

18          c.  Failing and refusing to grant requests for reasonable accommodation by
19             disabled tenants who suffer inconvenience and hardship as a result of the
20             unavailability of the elevator at the premises;

21          d.  Failing and refusing to provide an accessible path to/from Plaintiff's unit; and

22          e.  Implementing policies and procedures that result in a disparate impact on
23             persons with physical disabilities, including Plaintiff.

24      41.    By their policy and practice of discriminating against and failing to reasonably
25  accommodate tenants with mobility disabilities, Defendants violate section 504 of the
26  Rehabilitation Act. 29 U.S.C. § 794.

27      42.    Plaintiff's harms and losses, continue so long as Defendants refuse to modify their

28

10
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1 policies and procedures and refuse to provide accessible facilities to Plaintiff.

2       43.     As a result of Defendants' conscious disregard, evidenced by the lack of accessible facilities and refusal to make such facilities accessible despite prior notice of such violations, Plaintiff suffered harms and losses which include, but are not limited to physical injuries and physical and mental pain, fear, degradation as well as medical damages, and other injuries due to the discrimination they each experienced and other unlawful acts of the Defendants.

      WHEREFORE, Plaintiff prays for damages and injunctive relief as stated below.

### THIRD CAUSE OF ACTION:
### VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT
*(Cal. Government Code § 12955 et seq.)*

      44.     Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 43 of this Complaint and incorporates them here as if separately re-pleaded.

      45.     The Fair Employment and Housing Act (FEHA) prohibits discrimination on the basis of disability in housing. Gov.C. § 12955 *et seq*.

      46.     Parkside Manor is a "housing accommodation" within the meaning of FEHA. Cal. Gov't Code § 12927.

      47.     Based on the above, Defendants have violated the protections of FEHA, because of, but not limited to the following:

      a.     Failure to provide an accessible path to/from Plaintiff's unit; and

      b.     Failure to modify policies and practices to provide reasonable accommodations to Plaintiff, including changes in policies, programs and procedures that allow persons with disabilities to enjoy their rental dwelling to the same extent as those without disabilities.

      48.     Based on the above, Plaintiff is entitled to actual damages, punitive and exemplary damages and injunctive relief as set forth below.

      WHEREFORE, Plaintiff prays for damages and injunctive relief as stated below.

# FOURTH CAUSE OF ACTION:
## VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT
*(Cal. Civ. Code § 54 et seq*

49. Plaintiff repleads and incorporates by reference, as if fully set forth again below, the allegations contained in Paragraphs 1 through 48 of this Complaint and incorporates them here as if separately re-pleaded.

50. The Disabled Persons Act (DPA) requires, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to all housing accommodations offered for rent, lease, or compensation in this state, subject to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons." Civ.C. § 54.1(b)(1).

51. The subject apartment building is a housing accommodation under Civil Code section 54.1(b)(2). Plaintiff is a person with a disability within the meaning of the DPA.

52. For these reasons, Defendants have violated the DPA as follows:

   a. Denying Plaintiff full and equal access to her housing accommodations, (Civ.C. § 54.1(b)(1));

   b. Refusing to "make reasonable accommodations in rules, policies, practices, or services, when those accommodations may be necessary to afford individuals with a disability equal opportunity to use and enjoy the premises." (Civ.C. § 54.1(b)(3)(B)); and

   c. Failure and refusal to provide an accessible route to/from Plaintiff's unit.

53. Plaintiff has suffered actual damage because of such failures which she alleges stems from Defendants' knowing and intentional violation of her rights as a disabled person under California Law.

54. Based on the above, Plaintiff is entitled to statutory damages, actual damages, punitive and exemplary damages as set forth below.

WHEREFORE, Plaintiff request relief as outlined below.

# FIFTH CAUSE OF ACTION:
## VIOLATION OF UNRUH CIVIL RIGHT ACT

***(Cal. Civ. Code § 51 et seq.)***

55. Plaintiff repleads and incorporate by reference, as if fully set forth again below, the allegations contained in Paragraphs 1 through 54 of this Complaint and incorporates them here as if separately re-pleaded.

56. At all times mentioned, the Unruh Civil Rights Act, California Civil Code 51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

57. The building is a business establishment and Plaintiff is a person with a disability within the meaning of the Unruh Act.

58. Defendants violated the Unruh Act by its acts and omissions, including, but not limited to, the following:

    a. Failure and refusal to modify the policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services; and

    b. Failure and refusal to provide an accessible route to/from Plaintiff's unit.

59. Plaintiff is informed, believes and alleges that Defendants' behavior, as alleged here, was intentional: Defendants were aware or were made aware of their duties to refrain from establishing discriminatory policies and barriers preventing physically disabled persons from accessing its facilities, before this Complaint was filed.

60. Defendants' refusal to provide Plaintiff's the requested accommodations demonstrate a knowing and conscious disregard for the law in general and an intentional denial of rights of disabled tenants in particular. Such conduct justifies an award of treble, punitive and exemplary damages along with all other relief sought.

WHEREFORE, Plaintiff requests relief as outlined below.

**SIXTH CAUSE OF ACTION: NEGLIGENCE**

61. Plaintiff realleges and incorporates by reference the allegations contained in

1   Paragraphs 1 through 59 of this Complaint.

2         62.    Plaintiff is informed and believes and alleges that Defendants, and each of them, owed a duty of care to Plaintiff to keep Parkside Manor in a safe condition by, among other things, preventing/curing/removing the dangerous conditions.

      63.    Plaintiff is informed and believes and alleges that Defendants, and each of them, owed a duty of care to Plaintiff because they owned, leased, rented, occupied, possessed, designed, constructed, developed, operated, inspected, repaired, maintained, modified, managed, controlled, and/or supervised, the subject premises, permitted or created the dangerous conditions, and/or were employed at the subject premises.

      64.    Plaintiff is informed and believes and alleges that Defendants, and each of them, also owed a duty of care to Plaintiff by undertaking the task of removing, fixing and/or curing dangerous condition and/or under special relationship existing between Plaintiff and Defendants.

      65.    Plaintiff is informed and believes and alleges that Defendants, and each of them, breached the above-mentioned duty of care because they negligently and carelessly owned, leased, rented, occupied, possessed, designed, constructed, developed, operated, inspect, repaired, maintained, modified, managed, controlled and/or supervised the subject premises, permitted or created the dangerous condition, increased the risk of harm or created false sense of safety (reliance on the undertaking) at Parkside Manor to cause Plaintiff to encounter the dangerous condition and thereby directly causing the injuries and damages to Plaintiff as described herein.

      66.    Plaintiff also alleges negligence against Defendants under negligence per se. To establish a claim for negligence per se, Plaintiff must prove these elements: (1) Defendants violated a statute, ordinance, or regulation of a public entity; (2) That violation was a substantial cause of Plaintiff's injuries; (3) such injury was of the kind that the statute, ordinance, or regulation of a public entity was designed to prevent; and (4) Plaintiff belonged to the class of persons for whose protection the statute, ordinance, or regulation of a public entity was adopted.

      67.    Here, as previously alleged, Defendants violated and continue to be in violation of the Federal Fair Housing Act; the Rehabilitation Act of 1973; the California Fair Employment

and Housing Act, Unruh Act; the Disabled Persons Act; and . The violation of these statutes and their regulations was a substantial cause of Plaintiff's injuries; the injury suffered by Plaintiff was the type of injuries these statutes and regulations were designed to prevent; and Plaintiff, a disabled person, is exactly the type of person for whom these statutes and regulations were adopted.

68. As a direct result of the conduct of Defendants, and each of them, Plaintiff was hurt and injured in her health, strength, activity, sustaining injuries to her body and shock and injury to his nervous system and person, all of which said injuries caused Plaintiff physical pain and suffering.

WHEREFORE, Plaintiff requests relief as outlined below.

**PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as alleged in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendants as alleged here, unless Plaintiff is granted the relief she requests. Plaintiff and Defendants have an actual controversy and opposing legal positions on Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff CARMEN CORTEZ and prays for judgment and the following specific relief against Defendants:

1. An order enjoining Defendants, their agents, officials, employees, and all persons acting in concert with them:

   a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

   b. To provide a policy and procedure consistent with California and federal law to provide reasonable accommodations for persons with disabilities who live at the building or who wish to do so;

15
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

   c. To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons;

   d. To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities;

 2. Retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of here no longer occur, and cannot recur;

 3. Award to Plaintiffs all appropriate damages, including, but not limited to, statutory damages, general damages, special damages, and treble damages in amounts within the jurisdiction of the Court, all according to proof;

 4. Award to Plaintiffs all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

 5. Award prejudgment interest under Civil Code section 3291; and

 6. Grant any other relief that this Court may deem just and proper.

Date: April 23, 2024           ALLACCESS LAW GROUP

                 */s/ Irakli Karbelashvili*
                 By Irakli Karbelashvili
                 Attorney for Plaintiff
                 CARMEN CORTEZ

**JURY DEMAND**

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: April 23, 2024           ALLACCESS LAW GROUP

                 */s/ Irakli Karbelashvili*
                 By Irakli Karbelashvili
                 Attorney for Plaintiff
                 CARMEN CORTEZ